Jayne and Michael MAHAN,
Plaintiffs–Appellants,

v.

SKYLINE CORPORATION,
Defendant–Respondent,

and

D & D Motors Co., Inc., Defendant.

No. 20131.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 9, 1996.

Daniel R. Ray, Hershewe & Gulick, P.C., Joplin, for appellants.

Ralph A. Cohen, Angela Wade, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., John E. Price, Whiteaker & Wilson, Springfield, for respondent.

PREWITT, Presiding Judge.

Judgment was entered against Defendant D & D Motors Co., Inc., due to its default, and summary judgment entered in favor of Defendant Skyline Corporation. Plaintiffs appeal.

Defendant Skyline Corporation asserts that summary judgment was correct "because appellants' claims are based upon an excessive, ambient level of formaldehyde inside their manufactured home and such claims are preempted by the National Manufactured Housing Construction and Safety Standard Act of 1972, 42 U.S.C. § 5401–5426, and the regulations promulgated therefrom by the Secretary of the Department of Housing and Urban Development, 24 C.F.R. § 3280.308, et seq."

The exact issue was presented to the Eastern District of this Court in *Mizner v. North River Homes, Inc.*, 913 S.W.2d 23 (Mo.App. 1995). The Court determined that the personal injury claim asserted was not preempted. Application for transfer of that case to the Missouri Supreme Court was sustained by the Supreme Court on September 19, 1995, and the matter transferred there. Because of the general interest and importance of the question presented, on September 25, 1995, this cause was transferred by this District to the Missouri Supreme Court, under Rule 83.02.

On January 23, 1996, the Supreme Court retransferred *Mizner* to the Eastern District and retransferred this matter to this District. Thereafter, on February 5, 1996, the Eastern District readopted its previous opinion in *Mizner*. We agree with the logic and result of that opinion.

Summary judgment is reversed and the cause remanded to the trial court for further proceedings.

SHRUM, C.J., and PARRISH, J., concur.